[Civ. No. 29559. First Dist., Div. One. Apr. 4, 1972.]

WILLIAM H. PENAAT, Plaintiff and Appellant, v.
CITY OF SAN JOSE, Defendant and Respondent.

## COUNSEL

William H. Penaat, in pro. per., for Plaintiff and Appellant.

Ferdinand Palla, City Attorney, and Franklin T. Laskin, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**THE COURT.**—This appeal is from an order of the trial court denying the motion of plaintiff for a preliminary injunction against the City of San Jose, restraining the city from towing vehicles from the tow-away zones in the city to any location other than as authorized by section 22850 of the Vehicle Code, and from entering automobiles which are about to be towed, without the permission of the owners thereof.

Plaintiff's vehicle was illegally parked, in violation of a posted city ordinance, at a location amply marked as a tow-away zone. City police cited and inventoried the vehicle in preparation for its removal, and had the car towed away by one of the private tow-trucks contracting with the city for removal of vehicles. The tow-truck operator found the car locked with a window open, entered the plaintiff's vehicle to release the parking brake and place the car in neutral gear to avoid damage to the car, and took the vehicle to a private garage for storage.

■ Plaintiff contends that the procedure adopted by the city, in having the chief of police negotiate towing contracts with private garages and tow-truck operators, violates the provisions of section 22850 of the Vehicle Code, requiring that the removed vehicle be taken "to a garage designated . . . by the governmental agency of which the officer or employee is a member, . . ." There is no showing that the authority to negotiate towing contracts was not validly delegated to the chief of police by the city council. Absent such a showing, the presumption established by section 664 of the Evidence Code applies: "It is presumed that official duty has been regularly performed." The chief of police, a public officer engaged by the city council and entrusted with the enforcement of traffic regulations and ordinances, is a proper person to represent the government agency involved in designating the garage to which impounded vehicles, including that of plaintiff in this case, are removed.

■ Plaintiff further contends that entry into the vehicle by the police or tow-truck operator for removal for storage or for the purposes of inventory is an unconstitutional search of the vehicle and an illegal entry. Removal of the illegally parked vehicle is authorized both by the Vehicle Code and by the local city council resolution. *Mozzetti* v. *Superior Court* (1971) 4 Cal.3d 699, 707 [94 Cal.Rptr. 412, 484 P.2d 84], states that an inventory of items in plain sight, clearly visible without probing, is permissible and does not constitute a violation of the constitutional prohibitions against illegal search. See also *Hughes* v. *City of Phoenix* (1946) 64 Ariz. 331 [170 P.2d 297], holding that a city ordinance, declaring an unoccupied vehicle found violating the parking ordinance to be a nuisance and authorizing the police to seize and impound the vehicle until specified payment was made, was a valid exercise of the city's right to define nuisances and abate them, and to regulate the use of streets and remove encroachments and obstructions therefrom.

The means chosen for removal, for entering the vehicle and releasing the gears and brake to avoid damage to the impounded vehicle, seems reasonably chosen to minimize loss to the plaintiff. Exigent circumstances

exist, requiring rapid removal of vehicles parked in illegal obstruction of the heavy rush hour traffic. The means used is apparently customary and normal, whether removing a vehicle at private request or for public need. Since there is no showing of unreasonableness in the means chosen or the degree of force used, the trial court's ruling as to the validity of the entry is proper.

■ Plaintiff finally contends that the removal of the vehicle after the alleged illegal entry is the public offense of auto theft under section 10851 of the Vehicle Code. A police officer who authorizes the removal of an illegally parked vehicle by a properly equipped tow-truck operator, in accordance with the express mandate of both the applicable sections of the Vehicle Code and local ordinances, is not committing "auto theft" within the meaning of the Vehicle Code.

"In the construction of a statute the intention of the Legislature . . . is to be pursued, if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (Code Civ. Proc., § 1859.) Applying this rule of statutory construction, the general provision of section 10851 of the Vehicle Code relating to auto theft by "[a]ny *person* who drives or takes a vehicle not his own, without the consent of the owner thereof," must be considered modified or controlled by the particular provisions of the Vehicle Code authorizing the removal and impounding of illegally parked vehicles under the direction of a police officer. Any other result would be absurd, and would frustrate the clear legislative intent to use governmental police powers to regulate the traffic on public roads.

Order affirmed.

Appellant's petition for a hearing by the Supreme Court was denied May 31, 1972.